FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2020

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Richard Eugene Yallup Jr
_(Name of Plaintiff)_

vs.

Janelle Riddle (Yakima County)
Renee S. Townsley (State
of Washington)

_(Names of ALL Defendants)_

**1:20-cv-03066-SMJ**

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

I.    **Previous Lawsuits**

A.  Have you brought any other lawsuits in any federal court in the United States while a
prisoner?         ☒ YES        ☐ NO

B.  If your answer to A is yes, how many? _____1_____ Describe the lawsuit in the space
below.  (If there is more than one lawsuit, describe the additional lawsuits on another
piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff: Richard E. Yallup Jr

Defendants: Renee S. Townsley

-1-

(Rev. 11/09)

2. Court (give name of District): _Eastern District of Washington_

3. Docket Number: _2:20-cv-00163 Yallup v. Townsley_

4. Name of judge to whom case was assigned: _N/A_

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?): _Still pending_

6. Approximate date of filing lawsuit: _04-27-20_

7. Approximate date of disposition: _____

**II.    Place of Present Confinement:** _Clallam Bay ⊠ Corrections Center_

A. Is there a prisoner grievance procedure available at this institution? ⊠ YES    ☐ NO

B. Have you filed any grievances concerning the facts relating to this complaint?
                                                         ☐ YES    ⊠ NO
    If your answer is NO, explain why not: _none exists at CBCC_

C. Is the grievance process completed?                      ☐ YES    ⊠ NO

D. Have you sought other informal or formal relief from the proper administrative officials regarding the acts alleged in this complaint?     ⊠ YES    ☐ NO

    If your answer is NO, explain why not: _____

**III.    Parties to this Complaint**

A. Name of Plaintiff: _Richard Eugene Yallup Jr_    Inmate No.: _313822_

    Address: _1830 Eagle Crest Way, Clallam Bay, Wa._

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use Item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: _Janelle Riddle_    Official Position: _Clerk_

    Place of Employment: _Yakima County Clerk's office_

-2-

C. Additional Defendants (NOTE: These Defendants must be listed in the caption of the Complaint.): _Renee S. Townsley_

IV    **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

1.1, Due Process of the 14th Amendment of the U.S.C.

1.2, Yakima County Clerk Janelle Riddle initiated a clever and deceitful plan with Court of Appeals Division III clerk Renee S. Townsley, to have substantial evidence concealed from appellate review on case no. 340767 consolidated with 349578.

1.3, 04-24-17, the Court of Appeals grants a motion to extend time to file (Appendix # A section App'x # 4 page 3), accepting records (evidence, Appendix # A section App'x # 6 page 4 to 21) for appellate review on direct appeal.

1.4, 04-25-17, Yakima County Clerks receive letters (Appendix # A section App'x # 1 page 2 and 3) and two payments (Appendix # A section App'x # 1 page 5) totaling $265.00, letters gave instructions on

where to mail records (evidence on appeal), C.O.A. Div. III clerk Renee S. Townsley is notified by the county clerk's of letters and payments (Appendix #A section App'x #1 page 1).

1.5, 05-03-17, Yakima County Clerks letter cites payments received (04-25-17), and shows the deviation from the instructions received with payments by altering the mailing address for records, From: Court of Appeals, Div. III, Case No. 349578, 500 N. Cedar St., Spokane, Wa. 99201-1905, (see Attachment IV)

## V.    Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

(Relief sought maybe multiple, the court should recognize the distinctions between law and equity in affording relief for the invasion of rights and committing of a wrong)

#1) 15 to 25 thousand dollars (or apply what the (see Attachment V)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___13th___ day of ___May___, 20 _20_.

_____Richard E. Valley M_____
(Signature of Plaintiff)

-4-

(Attachment, 1V)

to: 1830 Eagle Crest Way, Clallam Bay, Wa. 98326 (Appendix #A section App'x #2 page 1 ~~paragraph 2~~ second paragraph), and notifies Renee S. Townsley of the deviation (Appendix #A section App'x #2 page 2), initiating the artifice to have evidence concealed on appeal.

1.6, 05-**04**-17, Renee S. Townsley creates this letter (Appendix #A section App'x #3) "after" the Yakima County Clerk gave notice to the artifice (Appendix #A section App'x #1 and App'x #2).

1.7, 05-24-17 check case information (Appendix #A section App'x #4 page 3 (App'x #7 page 1)) was derived from the county clerk's deviation, meaning, Townsley understood why the county clerk deviated from the mailing address received 04-25-17, and altered the address 05-03-17, and Townsley was notified both times by the county clerk. Townsley waited for evidence (Appendix #A section App'x #7) to be received, then filed, to conceal evidence from ~~appellate~~ appellate review and deceive the only person reliant on the evidence Townsley concealed.

− 1V-1 −

1.8, 05-24-17 reply to response to prp (Appendix #A page 3), evidence received (Appendix #A section App'x #6 page 4 to 21) filed with letter (Appendix #A section App'x #6 page 3 (the rest of letter is with plaintiff, only the first page was provided because of the filing stamp by the Court of Appeals and the date of stamp)), everything was filed until 05-22-19 (Appendix #A section App'x #5 page 3) when Townsley provided a summary showing "05-24-17" was removed.

1.9, 11-04-19 plaintiff signs for concealed evidence removed 05-22-19 along with the letter from Townsley (Appendix #A section App'x #6) citing why the records (evidence on appeal) was allegedly rejected (concealed). Townsley was notified of letter's with instructions and payments on 04-25-17 by the Yakima County Clerk's ~~party~~ (paragraph 1.4), then Townsley was once again notified 05-03-17 (paragraph 1.5) and this time the Yakima County Clerks meant to show Townsley of the deviation from the mailing address given to initiate the artifice in having evidence concealed.

- IV-2 -

on appeal, after Townsley was given notice of
the deviation by the Yakima County clerk's that
evidence (records) accepted and expected for
appellate review, was redirected to Clallam Bay,
Washington, from Spokane, Washington (paragraph
1.4 and 1.5), Townsley created the 05-04-17
C.O.A. letter (paragraph 1.6) after notice of
~~the~~ the deviation, and then waited for evidence
to be received, to conceal evidence (paragraph 1.7
and 1.8)(Appendix #A section Apix # 6 page 3 to 21).
1.10, Appendix #A section Apix #7 page 1,
establishes Townsley waited for evidence, to
conceal evidence varifying multiple issues
explained in Appendix #A section Apix #8 page
3 to 9, May '15 to Jan. '16, issues explained
here and not known in 2017, #1) Mar.'15 Russell
concealed evidence, May '15 Johnson concealed
evidence (misrepresentation known to David Elofson,
L. Joshua Camp and Randy Cahn), #2) Judge
Micheal McCarthys involvement with the wrongful
~~at~~ acts, the rest will have been proven if
evidence wasn't concealed by Riddle and
Townsley.

-IV-3-

1.11, 03-24-2020, Yakima County Prosecutor's Office,
Corporate Counsel Division opinion and decision
(Appendix #A section App'x #9) is wrong. Cindy
Erwin denies claim even in light of physical
evidence submitted. FTR CD with audio records
of court hearings from 05-29-15 to 12-04-15
(10-23-15 incomplete, 10-30-15 missing) varified
multiple issue's of concern, showing why the
Yakima County Clerk's initiated artifice to have
substantial evidence accepted and expected for
appellate review, concealed on appeal. Statements
in court, are what is relevant (Appendix #A
section App'x #8 page 3 to 9) compared with
~~what~~ Appendix #A section App'x #6 page 5 to
21.

1.12, The original FTR CD accepted and expected
for appellate review in May 2017, concealed until
11-04-19 (Appendix #A section App'x #6), FTR CD
(Appendix #A section App'x #6 page 4) is in the
possession of the Department of Enterprise Services
Office of Risk Management, Tort Claim #
04870025, in Olympia, Washington (Appendix #
10) (plaintiff couldn't afford the return of disc).

1.13, Causation of evidence being concealed,
Appendix #A section Apps #11 page 8, 9, and 10,
evidence was concealed to protect wrongful acts
of government and public officials, misconduct
and violations that will have been proven, and
changed the outcome seen today.
1.14, 09-09-19 C.O.A. letter (Appendix #A section
Apps #12 second paragraph and bottom names)
show Townsley continues to protect the wrongful
acts at the appellate level.
1.15, 04-09-20 (Appendix #B) Yakima County
Prosecutor's Office/Corporate Counsel Division
Anderson and Erwin lie about evidence
submitted, a FTR CD was submitted in
Yakima County Claim No. 19-2020 filed with
prosecution (not Commissioner's). Explanation's in
Appendix #A section Apps #8 page 3 to 9, cite
to specific records and specific points in time in
court, if prosecution reviewed the FTR CD,
everything explained will have been varified, but
Anderson had Erwin lie about evidence
submitted and denied the claim in his
04-09-20 letter (Appendix #B). Additional

-- IV-5 --

response's sent to prosecution about claim on
04-01-20, 04-05-20, 04-09-20, 04-13-20,
and 04-15-20, and to Yakima County Board of
Commissioner's on 04-01-20, 04-15-20, and
04-19-20, in response to prosecutions claims.
1.16, Appendix #A section Appx #8 page 3 to 9,
May '15 to Jan. '16 is what would have
been proven in 2017 if Riddle didn't have
evidence concealed on appeal.

1.17, Plaintiff could not afford another FTR CD or
transcripts of relevant hearings to show why
evidence was concealed on appeal, but as to
why, is explained in detail in Appendix #A
section Appx #8 page 3 to 9, citing physical
records and points on record.

1.18, Yakima County Clerk's notified the Court of
Appeals clerk 04-25-17 (paragraph 1.4) specifically
of the letter's with instructions on where evidence
was to be sent to, then 05-03-17 (paragraph
1.5) the Yakima County Clerks shows the Court
of Appeals clerk the mailing address has been
altered initiating the artifice to conceal evidence,
then 05-04-17 (paragraph 1.6) the court of appeals

-IV-6-

clerk understood the ~~deviation~~ intent of deviation
by the county clerk and made the ~~COA~~ 05-04-17
C.O.A. letter after being notified of deviation from
instructions given to the Yakima County Clerks
received "04-25-17" to which Townsley was also
sent a copy and notified of (Appendix #A
section Appx 1 page1), then Townsley waited for
evidence to be received (Appendix #A section
Appx #7 page1) and then filed (Appendix #A
section Appx #4 page3 and Appx #6 page 3 to21)
to conceal evidence on Case No. 340767 coi/w
Case No. 349578, for appellate review on
direct appeal.

1.19, A deceitful custom to conceal evidence
on appeal, because Renee S. Townsley understood
the intent & purpose of the deviation from the
mailing address given to the Yakima County Clerks,
~~by the Yakima County Clerks~~ deviation by
the Yakima County Clerks.

1.20, Considering Townsley understood the
intent &purpose of the deviation by the Yakima
County Clerk's, on its face, appears to be a
custom between the Yakima County Clerk's and

-IV-7-

the Court of Appeals Division III clerk that needs to be stopped.

1.21, Harmless Error or Mistake do not exist here, the clerk's acted with a specific intent and purpose to conceal evidence; to conceal the fact of evidence being concealed, to willfully and knowing cause inflictions to and of plaintiff. The clerk's spent years concealing the fact of evidence being ~~concealing to~~ concealed until 11-04-19 when the artifice became apparent (disclosed) (discovered). I mean look, Townsley made it a point to make the C.O.A. Div. III case record out to be deceptive and show evidence concealed, was filed. This is two seperate government bodies acting in coordination to have substantial evidence concealed and made an obvious effort to conceal the fact of evidence being concealed (Appendix #A section App'x #4, App'x #5, App'x #6, App'x #7, and App'x #12) (statute of limitations should run from the day of discovery) (11-04-19) (or from the day of removal, 05-22-19).

1.22, Discovery of artifice disclosed 11-04-19 when concealed evidence was returned with

- IV-8-

Townsley's excuse in concealing evidence. Use of
deception in the C.O.A. case record by Townsley,
prevented discovery. Use of deception by the
Yakima County Clerks by altering the mailing
address for evidence concealed, to initiate and
have evidence concealed, to conceal intent of
alteration from plaintiff and to which Townsley
understood, which should be problematic /
concerning. The "Deviation", was the message to conceal
evidence on appeal.

1.23, Injury — incarcerated on an unlawful
conviction upheld by wrongful means.
Mental and Emotional distress, contiplating
suicide and hurting one's self because
plaintiff is incaccerated on an unlawful
conviction and the plaintiff can't do anything
about it, because of the interference by
the clerk's of both court's concealing and
doctoring evidence and records to conceal
and protect wrongful acts explained in
Appendix #A section Appx #8.
Damage — plaintiff's case and argument,
destroyed by the clerk's conduct with records

-IV-9-

and evidence.

Appellate Proceedings.

Loss — liberty, rights, and dignity.

1.24, Use of deceit to initiate a deceptive process in having evidence concealed and concealing the fact of evidence being concealed, on appeal, in violation of the 5th 6th and 14th Amendments of the U.S.C., by Janelle Riddle and ~~Reneee~~ Renee S. Townsley, in the name of Yakima County and the State of Washington.

1.25, As the artifice was concealed by Renee S. Townsley until 11-04-19 when the artifice is disclosed and discovered, the statute of limitations should be from the date of discovery, because Riddle and Townsley ~~are~~ "actively moved" to conceal the fact of concealing evidence, and concealing evidence, for years.

1.26, The invasion of rights and committing of a wrong by Janelle Riddle and Renee S. Townsley can't be endorsed and needs to be stopped and righted.

−IV-10−

2.1, Equal Protections under the 14th Amendment of the U.S.C.

**2.2,** Yakima County's Janelle Riddle and the State of Washington's Renee S. Townsley had substantial evidence favoring plaintiff, and was accepted and expected for appellate review on direct appeal, concealed from court.

2.3, Equal Protections of the Law, is supposed to prevent such conduct, that's prejudicial to the administration of justice, and to ~~give~~ depcive a litigant "a fair" process.

2.4, Riddle and Townsley's conduct explained in count 1, appears to be frequent and a custom.

~~Bn~~ 2.5, Injury, damage, and loss, explained in count 1.

3.1, Right to Appeal under the 6th and 14th of the U.S.C.

3.2, The Court of Appeals Division III granted an extension of time to file in Case No. 340767 consolidated with Case No. 349528 on direct appeal, accepting additional evidence for appellate review, on direct appeal.

3.3, Janell Riddle (2017) initiated a scheme to have evidence concealed on appellate review (explained in Count1).

3.4, Injury, damage, and loss explained in count1.

-IV-12-

of such actions by Janelle Riddle and Renee
S. Townsley, "is nothing less at malicious and
deceitful.

4.5, Washington code Chapter 4.96, holding
Riddle liable, prohibits lawsuit from being
filed within 60 days from the date claim
was filed (03-13-20, Appendix #A section
App'x #9).

4.6, Townsley's conduct is derived from
Riddle's deceitful artifice Townsley
understood, and continues to prevent
the malicious conduct, from being
addressed and remedied (Appendix #A section
App'x #12), to uphold the wanted
outcome of proceedings obtained, by and
through wrongful means, spoliation.

4.7, Damage, Injury, and Loss, explained
in Count1.

-IV-14-

4.1, Right to a 'complete record' on appeal under the 6th and 14th Amendments of the U.S.C.

4.2, Riddle and Townsley prevented a 'complete record' in the first appeal, to prevent plaintiff's assertions from being addressed and remedied, to counter assertions of plaintiff and protect wrongful and deceitful acts of government and public officials, by concealing the only evidence that varifies assertions.

4.3, Townsley has actively moved to protect the wrongful acts, again (Appendix #A section App'x #12 second paragraph and names on the bottom of page who were given notice),

4.4, Any actions against wrongful acts that will be varified by records (evidence on appeal) cited in Appendix #A section App'x #8 and App'x #6, is countered by the clerks, to conceal and ~~pre~~ protect such actions that deprive rights and violate rule and law, this lawsuit is to cease such harmful conduct ~~prejudicial to~~ that is prejudicial to the administration of justice, and to obtain relief for the ~~the~~ intent and purpose

- IV-13 -

(Attachment, V).

court's determine as just) a day, from: November 4th 2019, when the artifice of Janelle Riddle (Yakima County) ~~to have subst~~ in having substantial evidence concealed, was disclosed by Renee S. Townsley (state of washington), to: the day wrongful acts (Appendix #A section Apix #8) that were concealed and protected by Riddle and Townsley, are addressed and remedied, to compel the government body to right the wrongs, immediately.

#2) 10 to 15 million dollars (or apply what the court's determines as just for inflictions).

#3) Joinder/Consolidate lawsuit, relief sought, and information in this lawsuit with: 2:20-cv-00163 SMJ Yallup v. Townsley, since both lawsuits are from the same information and evidence, and for economic purposes.

#4) Reverse mandate (case no. 340767 co./w. case no. 349578) and conviction (case no. ~~13=0~~ 13-1-01530-2), and dismiss with prejudice (or apply what the court deems appropriate and just).

-V-1-

#5) (Moot, if #1, #2, #3, and #4 of relief
sought is met) Order the lower courts to
cease having wrongful acts concealed and
protected, and order them to right the wrongs
and avoid lieing about evidence like Dan Anderson
and Cindy Erwin.

#6) (Moot, if #1, #2, #3, and #4 of relief
sought is met) Remove lawsuits to Yakima
County Superior Court with leave to return to
District Court, if removed, remove with orders
to the lower court, to appoint counsel to obtain
all relevant evidence, prepare for, present, and
argue case/lawsuit at trial by jury, and if
a settlement is agreed upon by all parties,
orders for trial will be considered/deemed
suspended.

#7) Subpoena FTR CD and Transcripts from
Yakima County Prosecutor's Office, Yakima County
Claim # 19-2020 (FTR CD Incomplete, missing
10-30-15 hearing, and 10-23-15 hearing is
missing statements after 10:08:40, and
10-09-15 hearing at 10:20:56 is audible).
(to show what was being concealed and protected).

- V-2 -

#8) Order the proper relief for concealing evidence the actor's knew would varify assertions of plaintiff.

#9) Order the state and county to cease concealing and doctoring evidence and records to conceal and protect conduct violative of rule, law, and rights, and to address and remedy the wrongful acts committed.

#10) The start date of Riddle and Townsley's harmful conduct should be asserted as the day of disclosure and discovery, November 4th 2019, because the officials actively moved to conceal the fact of evidence being concealed, for years, or from May 22nd 2019 when Townsley removed evidence from record.

(Note: FTR CD just received this week at Clallam Bay Corrections Center, on CD, audio records at court hearings)

-V-3-

## DECLARATION OF SERVICE BY MAIL
### GR 3.1

I, _Richard Eugene Yallup Jr_____, declare that, on
this _13th_ day of _May_____, 20 _20_ I deposited the forgoing documents:

_§1983, In Forma Pauper's and Appendix #A_
_and Appendix #B_____

_____

_____

_____

or a copy thereof, in the internal legal mail system of

_Clallam Bay Corrections Center_

And made arrangements for postage, addressed to: (name & address of court or other party.)

_sent electronically to:_
_United States District Court_
_Eastern District of Washington_

_____

_____

I declare under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct.

Dated at _Clallam Bay, Wa._____ on _05-13-20_
      (City & State.)                              (Date)

_Richard G. Yallup Jr_
          Signature

_Richard E. Yallup JR_
      Type / Print  Name